UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRY BENDER,

       Plaintiff,

- against -

GSA, HWA SECURITY PATROL INC., et al.,

       Defendants.

MEMORANDUM
OPINION & ORDER

05 Civ. 6459 (GEL) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest. A number of the defendants, among them the United States General Services Administration, the United States Department of Justice, the United States Social Security Administration ("SSA"), Daniel Levy ("Levy"), an Assistant United States Attorney, Jose Aybar ("Aybar"), a service representative of the SSA, and Robert Baldassano ("Baldassano"), the district manager of the SSA Service Center ("the federal defendants") moved to dismiss. On April 12, 2006, District Judge Gerald E. Lynch granted that motion. In responding to Judge Lynch's opinion, Bender requested leave to amend the complaint. Judge Lynch thereafter referred Bender's motion to amend to the undersigned. Upon the Court's request, Bender provided further information as to the basis for her request for leave to amend the complaint. For the reasons that follow, Bender's request for leave to amend her complaint is **DENIED**.

II. DISCUSSION

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of right before a responsive pleading is served or within twenty days after the pleading is served. Rule 15(a). A party may also amend its pleading with written consent from the opposing party or by filing a motion for leave to amend with the Court. **Id**. Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. Since this rule is interpreted liberally, **Rachman Bag Co. v. Liberty Mut. Ins. Co.,** 46 F.3d 230, 234 (2d Cir. 1995), an amendment is normally permitted, and the refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." **Foman v. Davis,** 371 U.S. 178, 182 (1962). It remains, however, within the discretion of the Court whether to allow amendment, and the Court may deny permission to amend in whole or in part. **Id**.; **John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994). An amendment that is sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be denied because of prejudice to defendant. **Finlay v. Simonovich,** 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997).

A motion to amend will be denied if, in reviewing the factual allegations set forth in the pleadings, "it appears beyond a doubt that the [movant] can prove no set of facts in support of [its] claim which would entitle [it] to relief." **Barrett v. United States Banknote Corp.**, 806 F. Supp. 1094, 1098 (S.D.N.Y. 1992); *see* **Schwimmer v. Guardian Life Ins. Co.**, 1996 WL 146004, at *3 (S.D.N.Y. Apr. 1, 1996) (motion to amend granted where "it is not so frivolous or outlandish to render it futile"). Review of the motion requires that the Court "merely . . . access the legal feasibility of the complaint, not [assay] the weight of the evidence which might be offered in support thereof." **Ryder Energy Dist. Corp. v. Merrill Lynch Commodities Corp.**,

748 F.2d 774, 779 (2d Cir. 1984).

Bender's request for leave to amend is an attempt to amplify her claims against the federal defendants already dismissed from this suit by Judge Lynch. However, the proposed amendments would not rescue her claims against them. In particular, Bender focuses on Levy, the AUSA involved in her prosecution, and SSA employees Aybar and Baldassano, who were involved in the initial altercation leading to her arrest. Bender presents some additional facts detailing her claim against Levy, alleging that he falsified evidence against her. However, Judge Lynch granted the motion to dismiss filed on Levy's behalf on the grounds of absolute immunity, Opinion and Order, April 10, 2006, at 5, and therefore, any amendments would be futile. Similarly, Judge Lynch granted the motion to dismiss filed on behalf of Aybar and Baldassano on the grounds of qualified immunity. *See* id. at 6. Judge Lynch also concluded that the complaint contained no allegation that either employee acted outside of the scope of his employment, a requirement for claims against federal officers under the Federal Tort Claims Act. *See* id. at 5. Bender has not provided any additional information which would change the conclusion, outlined in Judge Lynch's Opinion and Order, that her allegations against the SSA employees fail to state a viable claim and do not assert violations of clearly established constitutional rights.

For the foregoing reasons, Bender's request for leave to amend the complaint is **DENIED**.

**SO ORDERED this 8th day of June 2006**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3