UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

SHERRY E. BENDER,

                       Plaintiff,

           -against-

GSA, HWA SECURITY PATROL INC., ARIEL DEL VALLE, HWA Security Patrol, Inc. Guard; U.S. DEPARTMENT OF JUSTICE: DANIEL LEVY, AUSA; FPO STEPHEN J. BEKESY, SHIELD #1325; FPO RICHARD MATOS, SHIELD #1178; SOCIAL SECURITY ADMINISTRATION (SSA); JOSE AYBAR, SSA Service Representative; ROBERT BALDASSANO, SSA District Manager; CITY OF NEW YORK; NEW YORK CITY POLICE OFFICERS of the 9th Precinct; SERGEANT ORTIZ, 9th Precinct; "JOHN DOE" 1" NEW YORK POLICE OFFICER, 9th Precinct; "JOHN DOE 2" NEW YORK POLICE OFFICER, 9th Precinct; SERGEANT VEGA, NYC NYPD OFFICER, 9th Precinct; SERGEANT MIRANDA, 9th Precinct; SERGEANT RODRIGUEZ, 9th Precinct; C.O. DEPT. INSPECTOR, KEVIN WARD, 9th Precinct; EXECUTIVE OFFICER CAPTAIN DETESKY, 9th Precinct,

                       Defendants.

------------------------------------------------------------------------X

Case No.:
05 CV 6459 (GEL)(RLE)

**NOTICE TO TAKE ORAL DEPOSITION**

S I R S :

        PLEASE TAKE NOTICE, that pursuant to the applicable Rules of the Federal Rules of Civil Procedure, the defendants, HWA, Inc., incorrectly s/h/a HWA SECURITY PATROL, INC. ("HWA") and ARIEL DEL VALLE ("DEL VALLE"), will cause to be taken the testimony of the plaintiff, SHERRY E. BENDER, co-defendants the agents, servants or employees of those parties having knowledge of the subject matter concerning all of the relevant facts and circumstances in connection with the issues alleged in plaintiff's complaint, including negligence, contributory

negligence, liability and/or damages and said persons to be examined are required to produce all books, records and papers in their custody and possession that may be relevant to the issues herein.

PLEASE TAKE FURTHER NOTICE, that such examination and deposition will be taken at RECKSON PLAZA, Uniondale, New York, on the December 21, 2006 at 10:00 a.m., or at such time and place to which the parties or their attorneys may stipulate.

DATED:  Uniondale, New York
        October 27, 2006

                                                        Yours, etc.,

                                                        RIVKIN RADLER LLP
                                                        Attorneys for Defendants
                                                        HWA, Inc., incorrectly s/h/a HWA SECURITY
                                                        PATROL, INC. and ARIEL DEL VALLE

                                  By: _____
                                                        GLENN H. EGOR (GHE - 3102)
                                                        A Member of the Firm
                                                        926 Reckson Plaza
                                                        Uniondale, New York 11556-0926
                                                        (516) 357-3000
                                                        File No.: 005079-00023

TO:  Sherry Bender
     Plaintiff *Pro Se*
     506 E. 11th Street, #1A
     New York, New York  10009

     Julinda Dawkins, Esq.
     Assistant Corporation Counsel
     Special Federal Litigation Division
     The City of New York
     Law Department
     Office of Corporation Counsel
     100 Church Street
     New York, NY 10007

Brian Feldman, Esq.
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHERRY E. BENDER,

                        Plaintiff,

-against-

GSA, HWA SECURITY PATROL INC., ARIEL DEL
VALLE, HWA Security Patrol, Inc. Guard; U.S.
DEPARTMENT OF JUSTICE: DANIEL LEVY, AUSA;
FPO STEPHEN J. BEKESY, SHIELD #1325; FPO
RICHARD MATOS, SHIELD #1178; SOCIAL
SECURITY ADMINISTRATION (SSA); JOSE AYBAR,
SSA Service Representative; ROBERT BALDASSANO,
SSA District Manager; CITY OF NEW YORK; NEW
YORK CITY POLICE OFFICERS of the 9th Precinct;
SERGEANT ORTIZ, 9th Precinct; "JOHN DOE" 1" NEW
YORK POLICE OFFICER, 9th Precinct; "JOHN DOE 2"
NEW YORK POLICE OFFICER, 9th Precinct;
SERGEANT VEGA, NYC NYPD OFFICER, 9th Precinct;
SERGEANT MIRANDA, 9th Precinct; SERGEANT
RODRIGUEZ, 9th Precinct; C.O. DEPT. INSPECTOR,
KEVIN WARD, 9th Precinct; EXECUTIVE OFFICER
CAPTAIN DETESKY, 9th Precinct,

                        Defendants.

Case No.:
05 CV 6459 (GEL)(RLE)

**REQUEST FOR THE
PRODUCTION OF
DOCUMENTS AND THINGS**

------------------------------------------------------------------X
S I R S :

      PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Procedure the

undersigned attorneys demand that you furnish the following items:

        1.      Pursuant to the applicable Rules of the Federal Rules of Civil Procedure,
concerning the exchange of medical information, copies of all medical
records, reports, diagnoses, prognoses, as well as hospital records, x-rays,
charts and duly executed HIPPA-compliant authorizations to examine any
and all of the aforementioned.

        2.      A copy of any statement given by or on behalf of any defendants serving this
demand.

3. The names and addresses of each person known or claimed by you or any party you represent in this action to be a witness to:

   a. The occurrence alleged in the complaint in this action; or

   b. Any acts, omissions, or conditions which allegedly caused the occurrence alleged in the complaint; or

   c. Any actual notice allegedly given to the defendants herein of any condition which allegedly caused the occurrence alleged in the complaint; or

   d. The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint.

4. Pursuant to the applicable Rules of the FRCP, and the Rulings of <u>Zellman</u> v. <u>Metropolitan Transit Authority</u>, 339 N.Y.S.2d 255, the names and addresses of any witnesses known to the plaintiff or plaintiff's attorney(s).

5. Photographs of the scene of the alleged occurrence.

6. Pursuant to the applicable Rules of the FRCP, a complete copy of the plaintiff's employment records for the two years <u>prior</u> and subsequent to the alleged occurrence, and a duly executed authorization allowing the obtaining of the aforementioned.

7. Pursuant to Rule 26 of the FRCP the name and qualifications of all experts who have been retained in anticipation of litigation or preparation for trial. Please state:

   a. The subject matter on which the expert is expected to testify;

   b. The substance of the facts and opinions to which the expert is expected to testify;

   c. A summary of the grounds for the experts opinion;

   d. The qualifications of said expert.

8. A verified statement identifying by name of issuing company, name of insured, policy number, policy period, and limits of liability of all insurance agreements, including but not limited to policies of excess liability insurance, under which an insurance business may be liable to satisfy part of or all of a judgment which may be entered against the defendants in this action, or to indemnify or reimburse defendants for payments made to satisfy the judgment.

PLEASE TAKE FURTHER NOTICE that upon failure to comply with this demand the plaintiff will be precluded at the trial of the within action from offering in evidence or testifying as to any of the items requested herein.

Dated: Uniondale, New York
October 27, 2006

                                Yours, etc.,

                                RIVKIN RADLER LLP
                                Attorneys for Defendants
                                HWA, Inc., incorrectly s/h/a HWA SECURITY
                                PATROL, INC. and ARIEL DEL VALLE

                            By: _____
                                GLENN H. EGOR (GHE - 3102)
                                A Member of the Firm
                                926 Reckson Plaza
                                Uniondale, New York 11556-0926
                                (516) 357-3000
                                File No.:  005079-00023

TO:    Sherry Bender
          Plaintiff *Pro Se*
          506 E. 11th Street, #1A
          New York, New York  10009

          Julinda Dawkins, Esq.
          Assistant Corporation Counsel
          Special Federal Litigation Division
          The City of New York
          Law Department
          Office of Corporation Counsel
          100 Church Street
          New York, NY 10007

Brian Feldman, Esq.
Assistant United States Attorney
United States Department of Justice
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SHERRY E. BENDER,

                              Plaintiff,

              -against-

GSA, HWA SECURITY PATROL INC., ARIEL DEL VALLE, HWA Security Patrol, Inc. Guard; U.S. DEPARTMENT OF JUSTICE: DANIEL LEVY, AUSA; FPO STEPHEN J. BEKESY, SHIELD #1325; FPO RICHARD MATOS, SHIELD #1178; SOCIAL SECURITY ADMINISTRATION (SSA); JOSE AYBAR, SSA Service Representative; ROBERT BALDASSANO, SSA District Manager; CITY OF NEW YORK; NEW YORK CITY POLICE OFFICERS of the 9th Precinct; SERGEANT ORTIZ, 9th Precinct; "JOHN DOE" 1" NEW YORK POLICE OFFICER, 9th Precinct; "JOHN DOE 2" NEW YORK POLICE OFFICER, 9th Precinct; SERGEANT VEGA, NYC NYPD OFFICER, 9th Precinct; SERGEANT MIRANDA, 9th Precinct; SERGEANT RODRIGUEZ, 9th Precinct; C.O. DEPT. INSPECTOR, KEVIN WARD, 9th Precinct; EXECUTIVE OFFICER CAPTAIN DETESKY, 9th Precinct,

                              Defendants.

Case No.:
05 CV 6459 (GEL)(RLE)

**INTERROGATORIES**

-----------------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE, that pursuant to Rule 33 of the Federal Rules of Civil Procedure, demand is hereby made that the plaintiff answers under oath, the interrogatories hereinafter set forth, within thirty (30) days and submit copies of the statement, reports, and records requested:

        1.    State your full name, date and place of birth, and residence during the past five years.

2. State name and last known address and present whereabouts, if known, of each person whom you or anyone acting in your behalf knows or believes to have witnessed the said accident.

3. With respect to each of such witness, state the following information:

    a. His exact location at the time of the accident.
    b. His activity at the time of the accident.

4. If at the time of the alleged accident the plaintiff was engaged in a gainful occupation, state the wages or salary that plaintiff was receiving at that time.

5. If the plaintiff was incapacitated from work as a result of the alleged accident, state the dates between which plaintiff was so incapacitated.

6. If the plaintiff suffered financial loss as a result of the alleged accident, state in what amount, itemizing the following:

    a. Doctors' bills
    b. Nurses' bills
    c. Hospital expenses
    d. Loss of wages, salary.

7. State the particular acts constituting the alleged negligence of the defendants.

8. State the Title, including Chapter and Section, of each and every Statute, Ordinance, Regulation, and Rules claimed to have been violated by the defendants.

9. Describe in detail, the injuries sustained by the plaintiff as a result of the alleged accident, including all marks and which part or parts of the body affected.

10. If the plaintiff is at present suffering as a result of those injuries, state in what way and to what extent.

11. If the plaintiff has any permanent injury as a result of the alleged accident, describe it in detail.

12. If the plaintiff received treatment at any hospital or hospitals, describe such treatment, giving the name and address of each hospital, the date, and whether received as an out-patient or as an in-patient.

13. If the plaintiff was treated by a physician or physicians, list the names and addresses of all who treated plaintiff.

14. State whether plaintiff made a claim for benefits under any medical plan or policy of insurance relating to injuries described in the complaint, and if so, state:

   a. The name of the insurance company or organization to whom said claim was made.

   b. The date of the claim or application.

   c. The claim number and policy number.

   d. The amount of said claim or claims.

   e. The amount received on said claim or claims.

PLEASE TAKE FURTHER NOTICE, that those interrogatories shall be deemed continuing so as to require supplemental answers and submission of further statements, reports, or records, if plaintiff obtains additional information, statements, reports, and records of a character called for by the interrogatories between the time these interrogatories are answered and the time of trial.

DATED:   Uniondale, New York
         October 27, 2006

                         Yours, etc.,

                         RIVKIN RADLER LLP
                         Attorneys for Defendants
                         HWA, Inc., incorrectly s/h/a HWA SECURITY
                         PATROL, INC. and ARIEL DEL VALLE


                 By:     _____
                         GLENN H. EGOR (GHE - 3102)
                         A Member of the Firm
                         926 Reckson Plaza
                         Uniondale, New York 11556-0926
                         (516) 357-3000
                         File No.: 005079-00023

TO:  Sherry Bender
     Plaintiff *Pro Se*
     506 E. 11th Street, #1A
     New York, New York 10009

     Julinda Dawkins, Esq.
     Assistant Corporation Counsel
     Special Federal Litigation Division
     The City of New York
     Law Department
     Office of Corporation Counsel
     100 Church Street
     New York, NY 10007

     Brian Feldman, Esq.
     Assistant United States Attorney
     United States Department of Justice
     United States Attorney's Office
     Southern District of New York
     86 Chambers Street
     New York, NY 10007

1984361 v1