UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

SHERRY BENDER,

                Plaintiff,

                         **MEMORANDUM OPINION & ORDER**

       - against -

                         05 Civ. 6459 (GEL) (RLE)

ARIEL DEL VALLE, et al.,

                Defendants.

------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest. By letter dated December 13, 2006, Bender made a series of requests of this Court. First, Bender requested that the Court extend the current deadline for filing all remaining discovery requests. Second, Bender asked that the deadline for fact discovery be extended by at least two weeks. Third, Bender requested that the Court grant an order to compel the City of New York to provide certain 911 records. Fourth, Bender petitioned the Court to issue an order compelling defendants Stephen J. Bekesy and Richard Matos to revise the answers provided in response to plaintiff's interrogatories. Fifth, Bender asked that the Court request the United States Attorney's Office to request records on her behalf.

## II. DISCUSSION

### A. Extension of Deadline for Filing Discovery Requests

On October 12, 2006, this Court ordered that the deadline for filing all remaining requests for discovery would be October 27, 2006.  On December 5, 2006, the Court ordered that there be no new discovery filings because of the numerous discovery extensions that have been granted in the case.  In her December 13 letter, Bender stated that she had believed she would have until thirty days prior to the end of discovery to file new discovery requests, and asked that the deadline for new discovery filings be extended until December 31, 2006.  Given the plaintiff's *pro se* status, the deadline for filing all discovery requests in this case is set at **January 2, 2007**.

### B. Extension of Deadline for Fact Discovery

The current deadline for fact discovery is January 31, 2007.  In her December 13 letter, Bender asks that the deadline be extended two weeks because of the difficulty of scheduling depositions over the holiday period.  Bender's request is **GRANTED**, and the deadline for fact discovery in this case is now **February 16, 2007**.

### C. Motion to Compel 911 Records

Bender asks this Court to grant an order compelling the City to provide 911 records she has requested.  In support of this request, Bender includes a copy of a "Demand Upon the City of New York for 911 Records" she served upon the City on December 8, 2006.  In that Demand, Bender asks the City to provide all "police communications related to the Plaintiff" between the dates of July 17, 2002, through the present.  Bender's Demand relates specifically to 911 calls made from Bender's home phone during March 2006.  The subject of this instant action is an

incident which occurred on July 17, 2002.  This Court finds that Bender's request for all 911 records pertaining to her from the date of July 17, 2002, through the present is neither relevant, nor "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV.P. 26(b)(1).  Therefore, the request for an order compelling the production of 911 records for dates after July 17, 2002 is **DENIED**.  To the extent that the City has not produced 911 records for July 17, 2002 relating to Bender, it is hereby ordered to do so.

**D.  Motion to Compel Responses to Interrogatories**

Bender requests that this Court grant an order compelling defendants Bekesy and Matos to supply more substantive answers to her interrogatories.  This Court has reviewed the answers provided by defendants Bekesy and Matos, and finds that they substantially comply with the Local Rules of the United States District Courts for the Southern District of New York.  Under Local Rule 33.3, interrogatories are restricted to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . and other physical evidence."  Interrogatories that go beyond the scope of this rule "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the court."  Local Rule 33.3(b).  Since Bender has noticed defendants Bekesy and Matos for depositions, and assuming they will provide responsive answers to Bender's questions in that forum, the motion for an order compelling responses to the interrogatorie is **DENIED**.

**E.  Request for Disciplinary Records of Defendants Bekesy and Matos**

In an order dated October 12, 2006, this Court ordered defendants Bekesy and Matos to

forward plaintiff's document requests to the appropriate agencies. In her December 13 letter, Bender asks that this Court renew this request of defendants Bekesy and Matos. However, in a letter dated October 26, 2006, Assistant United States Attorney Feldman responded to this Court's order of October 12, 2006. In the letter, written on behalf of the Department of Homeland Security, Feldman states that there are no responsive documents to the request for any written complaints alleging excessive force by defendant Bekesy. Bender's request had been for all documents that relate to complaints about defendant Bekesy, and the Feldman's letter explains what Bender must do, according to federal regulations, to obtain any additional specific documents. According to Feldman, no document requests were forwarded on behalf of defendant Matos because none were served on defendant Matos. In addition, in a letter dated December 20, 2006, Feldman responds to Bender's motion, and states that "neither GSA nor DHS has documentation relating to any 'disciplinary history'" regarding Ortiz, Matos, or Bekesy. This Court finds that defendants substantially complied with the Court's order that they forward Bender's document requests, and, therefore, Bender's request is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Bender's two requests for extensions to the discovery deadlines are **GRANTED**, and her remaining applications to the Court are **DENIED**.

**SO ORDERED this 22nd day of December 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4