UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERRY BENDER, | : |
| | : |
| Plaintiff, | :    **MEMORANDUM** |
| | :    **OPINION & ORDER** |
| - against - | : |
| | :    05 Civ. 6459 (GEL) (RLE) |
| ARIEL DEL VALLE, et al., | : |
| | : |
| Defendants. | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

### I. INTRODUCTION

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest. By letter dated January 12, 2007, defendants Carlos Ortiz, Stephen Bekesy, and Richard Matos (collectively, the "**Bivens** defendants") made several requests of this Court relating to medical releases. Letter from Brian Feldman of 1/12/07 ("1/12/07 Letter"). The **Bivens** defendants request that the Court order: (1) Bender to sign releases for four medical providers and one pharmacy provider; (2) Bender to sign releases for ten psychiatric providers; and (3) that Bender's action will be subject to dismissal should she fail to sign the abovementioned releases by a certain date to be determined by the Court. **Id**. at 1-6. For the reasons which follow, the requests are **GRANTED**, **IN PART**, and **DENIED, IN PART**.

### II. DISCUSSION

**A. The Legal Standard**

The scope of discovery is generally limited to any matter, not privileged, which is

relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Crey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (citation omitted). "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." **King v. Conde**, 121 F.R.D. 180, 194 (E.D.N.Y. 1988). However, "[u]pon motion by a party or by the person from whom discovery is sought . . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense . . ." FED. R. CIV. P. 26(c). The Court has broad discretion in managing discovery, **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004), and may limit discovery to material that pertains to acts specified in the complaint. **Chain v. Lieberman**, 129 F.R.D. 97, 98 (S.D.N.Y. 1990).

**B. Request for Medical and Pharmacy Record Releases**

The **Bivens** defendants ask this Court to order Bender to sign releases which would allow them to access her medical and pharmacy records. They argue that they are entitled to these records on two grounds. First, because Bender allegse that she received certain physical injuries, and is seeking damages for these injuries, the **Bivens** defendants claim they are entitled to her medical records. 1/12/07 Letter at 1. Second, they contend that they need her medical records in order to determine whether Bender's "allegations regarding the events of the day [on which the alleged civil rights violation occurred] are consistent with her medical records. **Id**.

The **Bivens** defendants are seeking to have Bender sign releases for four medical

providers and one pharmacy provider.  Specifically, defendants are seeking releases for: 1) Seaport Orthopaedic Associates, where Bender was treated for injuries to her hand; 2) March Levinson, M.D., the doctor Bender was treated by at Seaport Orthopaedic Associates; 3) Downtown Physical Medicine and Rehabilitation, where Bender was referred for her hand injury immediately following the injury; 4) Doshi Diagnostic Imaging Services, where Bender also received services a short time after the alleged injury; and 5) Estroff Pharmacy, which the **Bivens** defendants believe to be Bender's primary pharmacy.  **Id**. at 2.

    Bender's medical records are discoverable because they are reasonably calculated to lead to admissible evidence.  There is evidence that, within a month of the incident, Bender sought treatment for her hadn injury at Seaport Orthopaedic Associates, Downtown Physical Medicine and Rehabilitation, and Doshi Diagnostic Imaging Services.  **Id**., Exh. C., D, E.  The **Bivens** defendants are entitled to access to her medical records at these three providers.

    However, this Court declines to order Bender to sign release for either Dr. Levinson or Estroff Pharmacy.  A release which permits the **Bivens** defendants to speak to Dr. Levinson is not reasonably calculated to lead to admissible evidence apart from what is in Bender's medical records.  The Federal Rules of Civil Procedure permit the limiting of otherwise permissible methods of discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . ."  FED. R. CIV. P. 26(b)(2)(I).  Bender's pharmacy records are not discoverable based on the same reasoning.  The **Bivens** defendants assert that they want access to Bender's pharmacy records as a means of determining what medications Bender was taking, noting specifically pain medication.  1/12/07 Letter at 3.  Permitting the **Bivens** defendants access to

Bender's pharmacy records will not yield any relevant information not already available through her medical records. Thus, the request, to the extent it pertains to pain medication, is "unreasonably duplicative," and, beyond that, is not relevant nor likely to lead to relevant evidence.

Therefore, with respect to the releases for medical providers, the **Bivens** defendants' motion as to Seaport Orthopaedic Associates, Downtown Physical Medicine and Rehabilitation, and Doshi Diagnostic Imaging Services is **GRANTED**, and Bender is ordered to sign and return releases for those providers to defendants by **February 16, 2007**. The **Bivens** defendants' motion as to Dr. Levinson and Estroff Pharmacy is **DENIED**.

**C.  Request for Psychiatric Record Releases**

The **Bivens** defendants also request that this Court order Bender to sign release which would provide them with access Bender's psychiatric records. Here, the **Bivens** defendants content that they are entitled to Bender's psychiatric records on these grounds. First, they argue that her psychiatric records are necessary to evaluate Bender's claim for psychological damages arising out of the subject of the action. 1/12/07 Letter at 3. Second, the **Bivens** defendants allege that Bender's mental state on the day of the alleged civil rights violations is relevant to a factual dispute in the case. **Id**. They reference prior trial testimony given by Bender and her former psychiatrist to support the contention that Bender was irrationally fearful of police. **Id**. They argue that her psychiatric records are therefore relevant to determine if Bender suffered from any metnal condition that caused her to react violently or erratically to the police. **Id**. Third, the **Bivens** defendants claim that they are entitled to Bender's psychiatric records in order to evaluate her ability to testify accurately. The **Bivens** defendants assert that there may be limitations,

4

caused by a mental condition, on Bender's ability to "realistically perceive the events at issue in this suit, as well as her present ability to recall those events and testify truthfully regarding them." **Id**. at 4.

The **Bivens** defendants are seeking to have Bender sign releases for ten psychiatric providers. Specifically, defendants are seeking releases for: 1) Beth Israel Hospital, where Bender was seen on the date of the incident; 2) Dr. Svathi Reddy, who allegedly examined Bender at Beth Israel Hospital on the date of the incident; 3) Dr. Michael Ciranni, who allegedly examined Bender at Bellevue Hospital on March 15, 2006; 4) Dr. Michael Holden, who allegedly examined Bender at Bellevue Hospital on March 15, 2006; 5) Dr. Sandlin R. Lowe, III, who allegedly examined Bender at Bellevue Hospital on March 8, 2006; 6) Dr. Thomas Kaley, who allegedly examined Bender at Bellevue Hospital on March 9, 2006; 7) Dr. Kishar Malavade, who allegedly examined Bender at Bellevue Hospital on March 9, 2006; 8) Dr. Denise Pate, who allegedly examined Bender at Bellevue Hospital on March 8, 2006; 9) Elmhurst Hospital Center, where Bender was allegedly treated in September 2006; 10) Dr. Eleanor Townsend, a psychiatrist who allegedly treated Bender in or around 1994.

The **Bivens** defendants are entitled to Bender's psychiatric records because she has alleged emotional damages, thereby putting her mental health at issue and waiving any patient-psychiatrist privilege. *See* **Cuoco v. U.S. Bureau of Prisons**, 2003 WL 1618530, *2 (S.D.N.Y. Mar. 17, 2003)("[Courts in this circuit have routinely held that any claim for emotional or psychological injuries waives the psychotherapist-patient privilege."). Therefore, the records from Beth Israel Hospital and Elmhurst Hospital Center are both discoverable.

The **Bivens** defendants' remaining requests, however, are not discoverable. This Court

5

finds that the request for releases to speak directly with the providers is both not reasonably calculated to lead to admissible evidence, apart from what is contained in Bender's medical records, and overly broad.  Six of the eight providers that the defendants seek releases to speak with treated Bender in March 2006.  1/12/07 Letter at 5.  Of the three grounds on which defendants seek these releases-damages, state of mind at time of incident, and current state of mind-the only ground that supports speaking to these doctors would be damages, since they presumably do not have knowledge relating to her state of mind at the time of the incident nor her current ability to testify truthfully.  However, permitting the **Bivens** defendants access to both Bender's psychiatric records and providers would be "unreasonably cumulative."  FED. R. CIV. P. 26(b)(2)(I).  These providers treated Bender almost four years after the incident, and it is this Court's understanding that Bender is not claiming that these vistis relate to emotional damages arising out of the incident.  Therefore, this Court finds that the request is over broad and, to the extent that some of the information is relevant, it is more appropriately accessed through Bender's records.

Therefore, with respect to the releases for psychiatric providers, the **Bivens** defendants' motion as to Beth Israel Hospital and Elmhurst Hospital Center is **GRANTED**, and Bender is ordered to sign and return releases for those providers to defendants by **February 16, 2007**.  The **Bivens** defendants' remaining requests are **DENIED**.

**D.  Request that Action Be Subject to Dismissal for Non-Compliance**

The Second Circuit has detailed the following factors that a court should consider before dismissing a case for failure to comply with a court order: (1) the duration of plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would

result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing act of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  **Lucas v. Miles**, 84 F.3d 532, 535 (2d Cir. 1996) (*citing* **Jackson v. City of New York**, 22 F.3d 71, 74-75 (2d Cir. 1994)); *accord* **LeSane v. Hall's Sec. Analyst, Inc.**, 239 F.3d 206, 209 (2d Cir. 2001) (*citing* **Alvarez v. Simmons Mkt. Research Bureau, Inc.**, 839 F.3d 930, 932 (2d Cir. 1988)).

The Court finds this request premature.  The record does not support a finding that there is no sanction less severe than dismissal which would be appropriate should Bender fail to comply with this Court's order.  First, it is unknown whether Bender will refuse to comply with this order.  Moreover, defendants have not made a showing that they have been, or will likely be, prejudiced by any delay resulting from the unsigned releases.  Finally, this Court's interest in managing its docket does not outweigh Bender's interest in receiving a fair chance to be heard, especially as she is proceeding *pro se*.  However, this order should serve as a notice to Bender that any refusal to sign the releases ordered by this Court may result in a future dismissal of her action.

III.  CONCLUSION

For the foregoing reasons, the **Bivens** defendants' request that the Court order Bender to sign medical releases for Seaport Orthopaedic Associates, Downtown Physical Medicine and Rehabilitation, Doshi Diagnostic Imaging Services, Beth Israel Hospital, and Elmhurst Hospital Center is **GRANTED**, and their remaining applications to the Court are **DENIED**.

SO ORDERED this 29th day of January 2007
New York, New York

The Honorable Ronald L. Ellis
United States Magistrate Judge