UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SHERRY BENDER, | : | |
| | : | |
| Plaintiff, | : | **MEMORANDUM** |
| | : | **OPINION & ORDER** |
| - against - | : | |
| | : | **05 Civ. 6459 (GEL) (RLE)** |
| ARIEL DEL VALLE, et al., | : | |
| | : | |
| Defendants. | : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest.  Before this Court is a request by defendants Carlos Ortiz, Stephen Bekesy, and Richard Matos (collectively, the "**Bivens** defendants") that the Court order Bender to submit to a mental examination.  For the reasons which follow, the request is **GRANTED**.

## II.  BACKGROUND

The **Bivens** defendants argue that they are entitled to an order compelling Bender to submit to a mental examination on three grounds.  First, they assert that Bender's complaint puts her mental condition at issue "by seeking damages for psychological injuries, including post-traumatic stress and personality changes."  Memorandum of Law in Support of the **Bivens** Defendants' Motion to Order Plaintiff's Mental Examination ("Def. Mem."), at 1.  Second, the **Bivens** defendants allege that Bender's mental state on the day of the alleged civil rights violations is relevant to a factual dispute in the case.  **Id**. at 2.  They assert that there is evidence

to support the contention that Bender may have suffered from post-traumatic stress disorder and a paranoid psychosis at the time of the incident, and that, as a result of these conditions, Bender may have behaved irrationally, erratically or violently.  **Id**.   They argue that, based on this evidence, a retrospective psychiatric examination would be highly probative.  **Id**. at 13.  Third, the **<u>Bivens</u>** defendants assert that the Court should order Bender to submit to a mental examination in order to evaluate her ability to "perceive, recollect, and testify accurately and truthfully."  **Id**. at 14.  They argue that Bender's psychiatric records, obtained during discovery, indicate that she may be suffering from a psychotic disorder which causes delusions, and that such a disorder would affect her credibility.  **Id**. at 14-15.

Bender opposes the **<u>Bivens</u>** defendants' request on three grounds.  First, she argues that the doctor chosen by defendants, Dr. Jason Edward Hershberger, M.D. ("Dr. Hershberger"), is not a "neutral, independent, or . . . disinterested party," and, therefore, is an inappropriate choice to conduct the examination.  Plaintiff's Response in Opposition ("Pl. Opp."), at 2.  Second, Bender asserts that her mental state on the day of the incident is not in controversy because she was examined by mental health professionals after being admitted to Beth Israel Hospital on July 17, 2002, and their reports are the best evidence of her mental state at the time.  **Id**. at 4-5.  Third, while Bender acknowledges that she did suffer "psychological trauma" as a result of defendants' actions, she argues that a mental examination is nonetheless not necessary for two reasons.  First, her injuries are not too difficult for a lay person to understand without expert testimony.  **Id**. at 11-12.  Bender argues that this point is strengthened by the fact that she is a health care professional, **<u>id</u>**. at 12, and this Court presumes that Bender is inferring that she will be able to explain her injuries to the jury herself.  Second, Bender asserts that a mental examination by

2

defendants' expert is not necessary because she has provided a sworn affidavit from a psychiatrist, Dr. Ann Winton ("Dr. Winton), stating that Bender does not suffer from a delusional disorder.  **Id**. at 12, 23-24.

### III.  DISCUSSION

**A.  The Legal Standard**

Upon a showing of good cause, a court may order a party to submit to a mental examination when "the mental . . . condition . . . of a party . . . is in controversy."  FED. R. CIV. PRO. 35(a).  The addition of the good cause standard indicates that there must be a "greater showing of need under Rule . . . 35 than under the other discovery rules."  **Schlagenhauf v. Holder**, 379 U.S. 104, 118 (1964) (*internal citations omitted*).  The standard requires more than "mere conclusory allegations of the pleadings" or "mere relevance to the case," but "does not . . . mean that the movant must prove his case on the merits in order to meet the requirements for a mental . . . examination."  **Id**. at 118-119.  Rather, the moving party must make "an affirmative showing" that the plaintiff's mental condition is in controversy, and that showing must be supported by sufficient information to allow the Court to determine that good cause exists.  **Id**. at 119-20.  However, if a plaintiff asserts that a defendant's actions caused a mental injury or ongoing mental illness, that plaintiff puts her mental condition clearly in controversy, and provides defendant with the good cause necessary for an order under Rule 35(a) allowing a mental examination.  **Id**. at 119; *see also* **Hodges v. Sullivan**, 145 F.R.D. 332, 334 (S.D.N.Y. Jan. 6, 1993) (*citing* **Sibbach v. Wilson & Co.**, 312 U.S. 1 (1941)).

## B. Plaintiff's Claims Put Her Mental Condition in Controversy

By alleging that the actions of the **Bivens** defendants caused her to suffer mental injuries that continue to this day, Bender has put her mental condition in controversy under the meaning of Rule 35(a). Not only does Bender allege injuries of "ongoing humiliation," "nightmares," "post traumatic stress," and "personality changes" in her amended complaint, she reiterates her claim of post-traumatic stress in her response to the motion presently before this Court. Def. Mem., Exh. A at ¶¶ 42-43; Pl. Opp. at 11-12. These allegations, on their face, satisfy the good cause standard required for a Rule 35(a) order, and entitle defendants to such an order requiring Bender to submit to a mental examination.

## IV. CONCLUSION

For the foregoing reasons, the **Bivens** defendants' request that the Court order Bender to submit to a mental examination, to be conducted by Dr. Hershberger, is **GRANTED**, and counsel for the **Bivens** defendants shall arrange to conduct the examination by February 28, 2007.

**SO ORDERED this 16th day of February 2007**
**New York, New York**

Ronald 7 Ellis

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4