UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

SHERRY BENDER,                              :
                                            :
                    Plaintiff,              :
                                            :
                                            :    MEMORANDUM
        - against -                         :    OPINION & ORDER
                                            :    05 Civ. 6459 (GEL) (RLE)
                                            :
ARIEL DEL VALLE, et al.,                    :
                                            :
                    Defendants.             :
                                            :
───────────────────────────────────────

**RONALD L. ELLIS, United States Magistrate Judge:**

**I.  INTRODUCTION**

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest.  At a conference with the Court on May 31, 2007, plaintiff, Sherry Bender ("Bender"), raised several discovery concerns.  All defendants were ordered to respond in writing to the issues raised by Bender, and Bender was ordered to respond in writing to a letter dated May 14, sent to her from the **Bivens** defendants.  Having received responses from all parties, the Court issues this Order to clarify the state of discovery and summarize the governing deadlines.

Also before this Court are two requests, one by defendants Carlos Ortiz, Stephen Bekesy, and Richard Matos (collectively, the "**Bivens** defendants") and one by the City of New York ("the City"), to permit an additional seven hours of deposition of Bender.  For the following reasons, the **Bivens** defendants request is **DENIED**, and the City's request is **GRANTED, in part**.

## II.  BACKGROUND

A.    **Deposition of Bender**

On January 30, 2007, Bender was deposed in this action.  Letter from Brian Feldman, February 23, 2007 (2/23/07 Letter), Exh. A.  The deposition commenced at 10:19 a.m., and was terminated by counsel for **Bivens** defendants at 4:48 p.m.  **Id**.  The total time taken for actual deposition of Bender was four (4) hours and twenty-three (23) minutes.  **Id**. at 2 n. *.  On February 23, the **Bivens** defendants moved for an order permitting them to conduct more than seven hours of deposition of Bender.  **Id**. at 1.  Bender opposed this request, and, on March 1, a conference was held with the parties.  At the conference, the Court granted the **Bivens** defendants' request for an additional day of deposition, but instructed the parties that the time was to be shared among all defendants.  Conference Transcript, March 1, 2007 ("3/1 Tr."), at 8:2-9, 14:17 -15:7, 15:13-20, 16:1-8, 16:11-18.  The Court also specified that the deposition should be "[o]ne full day allowed by the rules."  3/1 Tr. at 21:1.  On May 11, defendants deposed Bender for a second time.  Bender Deposition Transcript, May 11, 2007 ("5/11 Tr.").  The deposition commenced at 10:13 a.m., and was terminated by Bender at 6:07 p.m.  **Id**. at 322:4, 723:24-724:3, 725:10-11.  On May 17, the **Bivens** defendants asked the Court to permit them to conduct an additional seven (7) hours of deposition.  Letter from Brian Feldman, May 16, 2007 ("5/16 Letter"), at 1.  The **Bivens** defendants state that they need the additional time because Bender has not testified 1) with the aid of a surveillance video, which she claims would refresh her recollection; 2) about claims of damages or malicious prosecution; and 3) about her admission to the hospital on the date of the incident.  **Id**.  The City also wrote the Court to request an additional seven (7) hours of deposition.  Letter from Julinda Dawkins, May 18, 2007

("5/18 Letter"), at 1.  The City states that the defendants had agreed that the **Bivens** defendants would question Bender about events germane to all defendants, and the City would then conduct an inquiry into events pertaining only to claims against the City.  Id.  However, the City alleges that it was not able to conduct this inquiry because Bender terminated the deposition early, not taking into account several breaks and a lunch the parties had taken throughout the day.  Id.  The City also claims that they need additional time so as to complete a "fair examination," and that it will be prejudiced without such an opportunity.  Id. at 2.  Defendants Ariel del Valle and HWA Security did not make an application to the Court for additional time.

**B.     Outstanding Discovery**

On October 12, 2006, this Court ordered that the deadline for filing all remaining requests for discovery would be October 27, 2006.  On December 5, 2006, the Court ordered that there be no new discovery filings because of the numerous discovery extensions that have been granted in the case.  In her December 13 letter, Bender stated that she had believed she would have until thirty days prior to the end of discovery to file new discovery requests, and asked that the deadline for new discovery filings be extended until December 31, 2006.  Taking the plaintiff's *pro se* status into consideration, the Court extended the deadline for filing all discovery requests in this case was extended to January 2, 2007.  This order was issued on December 22, 2006.  While there were no further extensions to the deadline for filing discovery requests, because of the parties' difficulties in complying with discovery, the Court gave the parties until May 31 to finish discovery.  All discovery was to be completed by this date, unless specifically approved by the Court.

On January 8, 2007, the parties appeared for a conference with the Court, where Bender

informed the Court that she intended to take twenty non-party depositions. The Court indicated that it would not permit twenty depositions, and ordered Bender to submit to the Court a list of non-parties she wanted to depose, stating the relevance of each of those persons. On January 22, the Court received a letter from Bender requesting leave of the Court to depose three non-parties: Marcia Wald, Beatrice Disman, and Jose Aybar. After reviewing Bender's submission, the Court denied Bender's request to depose upon oral examination Wald, Disman, and Aybar, but granted her leave to submit additional information as to the relevancy of Disman's testimony by February 22, and to depose upon written questions Wald and Aybar. Bender was ordered to serve Wald and Aybar by March 5.

Bender made a renewed application to depose Wald, which was granted by Order dated April 10. Also in the April 10 Order, the Court directed defendant New York City to submit for *in camera* review all disciplinary records and complaints requested by Bender for the four New York City Police officers who had been disclosed as witnesses, whether or not such complaints had been sustained, for the period three years before the incident at the heart of this lawsuit through the present. On May 7, the Court granted Bender permission to submit a supplemental list of newly discovered third-party witnesses that she requests leave to depose, stating the relevancy of each, within a reasonable time, not to exceed thirty (30) days, after she had been made aware of their relevance by defendants through deposition or other discovery.

### III. DISCUSSION

**A. Standard of Review**

The Court has broad discretion in managing discovery. **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004); **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v.**

4

**Bank of New York**, 957 F.2d 961, 972 (2d Cir. 1992).  Under Rule 32(d) of the Federal Rules of Civil Procedure, depositions are limited to one  day of seven hours.  FED. R. CIV. P. 32(d).  However, a court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance impedes or delays the examination."  **Id**.  "[O]nly the time taken for the actual deposition, not breaks, counts toward the 7 hours, and . . . for good cause shown, the court should enlarge the time limit."  **Condit v. Dunne**, 225 F.R.D. 100, 112-13 (S.D.N.Y. 2004).

**B. Requests for Additional Time**

Thus far, defendants have deposed Bender for a cumulative period of ten (10) hours and forty-eight (48) minutes.[1]  A review of the deposition transcripts indicates that the first day was spent primarily on background information and the second day on the events underlying the action.  While Bender challenged the relevancy of some questions during the first day, her answers were, for the most part, forthright.  On the second day, Bender's responses were appropriate, and no party alleges any delay caused by her answers.

**1. The Bivens Defendants' Request**

The **Bivens** defendants' claim that an additional seven hours is needed in order to inquire into subject areas that have not been addressed thus far and to refresh Bender's memory with the aid of a surveillance video does not constitute good cause.  The incident underlying Bender's action is a single altercation between her and authorities at a Social Security Office, and the

---

[1] This is the Court's calculation.  The basis of it is: 1) the representation made by **Bivens** defendants, based on the deposition transcript, that the first day of deposition consisted of four hours and twenty-three minutes of actual deposition, 2/23 Letter at 2 n. *, and 2) the Court's calculation of the second deposition based on the transcript from that day.  No party provided the Court with a calculation of the total deposition time from the second day.

subsequent arrest, hospitalization, criminal prosecution, and her own attempts to file criminal charges against defendants. Complaint ("Compl."), ¶¶ 17-36. Bender claims damages of emotional harm, physical harm, lost wages and loss of medical malpractice claim. <u>Id</u>. ¶¶ 37-43. In the context of litigation, these claims and alleged damages are not particularly complex, and it is difficult to understand why nearly eleven hours of deposition was not sufficient. The **<u>Bivens</u>** defendants allege various topics that Bender has not testified about, but there is no indication in the record that they attempted to question her about these areas but were prevented. While it is understandable that the **<u>Bivens</u>** defendants may wish to inquire as to a variety of other topics, such thorough questioning on all potential subjects is not envisioned under the rules. Parties are expected to be able to depose a party in seven hours. Here, the **<u>Bivens</u>** defendants have already been granted additional time. Knowing that any further depositions would be by leave the Court only, the **<u>Bivens</u>** defendants still claim a need for seven additional hours and present the Court with three entire areas of deposition still to be addressed. At this point in the deposition, the Court might understand having a few discrete areas that a party may wish to inquire into, but here the **<u>Bivens</u>** defendants represent that they have not even reached the topics of Benders claims of damages or malicious prosecution. *See* 5/16 Letter at 1.

While the **<u>Bivens</u>** defendants cite cases in which depositions were extended beyond seven hours, these are cases in which extensions of three additional hours were granted. The Bivens defendants have already exceeded ten hours of deposition, and the Court finds no good cause to permit additional time. Therefore, the **<u>Bivens</u>** defendants' request is **DENIED**.

   **2. The City's Request**

In its request for an order compelling Bender to attend an additional day of deposition, the

City argues that it was not able to depose Bender on claims specific to the City because she terminated the deposition early. 5/18 Letter at 1. Based on the Court's reading of the transcript, it does appear that Bender terminated the deposition after six (6) hours and twenty-five (25) minutes had elapsed. It is not clear that the City would have necessarily used the remaining thirty-five (35) minutes for its own claims. Moreover, the City was specifically instructed by the Court to divide the time with the co-defendants in order to ensure that it was able to inquire as to these claims. 3/1 Tr. at 15:13-16:18. However, because there are multiple defendants, and it does appear that the City was denied any opportunity to inquire about the events of September 17, 2002, *see* 5/18 Letter at 1, the City's request is **GRANTED, in part**. Bender **SHALL** appear for one (1) additional hour of deposition on the topic of the events of September 17, 2002, and her claims specific to the City.

**C.     Status of Outstanding Discovery**

Based on their submissions to the Court, it appears that the parties dispute the timeliness of Bender's recent discovery requests. Defendants assert that the recently served requests are new discovery requests, while Bender claims that they are the same as earlier, timely discovery requests but more clearly articulated. *See* Letter from Brian Feldman, June 6, 2007, at 2-3; Letter from Julinda Dawkins, May 31, 2007, at 1-2; Letter from Glenn Egor, June 5, 2007; Letter from Sherry Bender, May 31, 2007. Regardless of how the requests are characterized, the deadline for filing discovery requests was January 2. Should Bender feel that there is outstanding discovery, the proper remedy is to file a motion to compel in accordance with the Federal Rules of Civil Procedure.

Based on the Court's review of the record, the only outstanding discovery remaining in

7

this action is: 1) the one hour of additional deposition of Bender, as ordered by the Court on June 25, 2007; 2) the in *camera* review of disciplinary records, which is pending submission by the City; 3) any supplemental requests by Bender for depositions of newly discovered third-party witnesses, which must be submitted within thirty (30) days of learning of their relevance through deposition testimony. Any requests concerning this order **SHALL** be submitted by letter by **July 6, 2007.**

## IV. CONCLUSION

For the foregoing reasons, the **Bivens** defendants' motion is **DENIED**, and the City's motion is **GRANTED, in part**.

**SO ORDERED this 25th day of June 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

8