UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRY BENDER,

                    **Plaintiff,**

            - against -

ARIEL DEL VALLE, et al.,

                    **Defendants.**

OPINION

05 Civ. 6459 (GEL) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Sherry Bender ("Bender"), filed this action alleging numerous civil rights violations during an altercation with authorities at the office of the Social Security Administration, which ended in Bender's arrest. On April 10, 2007, the Court ordered defendant New York City ("the City") to provide for *in camera* review all disciplinary records and complaints requested by plaintiff for the four New York City Police officers who were disclosed as witnesses, whether sustained or not, for the period three years before the incident through the present. On August 2, 2007, the City produced responsive documents, which consisted of documents from two Civilian Complaint Review Board ("CCRB") complaints. For the following reasons, the City **SHALL NOT** be required to produce the responsive documents.

## II. DISCUSSION

### A. Legal Standard

The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b). "Relevancy is broadly

construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." **Carey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (*quotations and citation omitted*). "Discovery is of broader scope than admissibility, and discovery may be had of inadmissible matters." **King v. Conde**, 121 F.R.D. 180, 194 (E.D.N.Y. 1988). The Court has broad discretion in managing discovery. **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004); **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v. Bank of New York**, 957 F.2d 961, 972 (2d Cir. 1992).

Here, there are two CCRB complaints, both involving the same officer. Neither complaint was found to be substantiated, and it does not appear that the officer was disciplined in connection with either complaint. The first complaint, which was not pursued by the CCRB, concerns a claim that the subject officer yelled for the complainant to "get out of the way." The second complaint concerns an assertion that the subject officer and another officer targeted the complainant for a parking ticket because of the complainant's sexual orientation. The CCRB attempted to pursue this complaint, but it was eventually closed because of lack of victim cooperation. Neither complaint accuses the subject officer of using force, unlawful arrest, malicious prosecution, or any other conduct similar to that alleged by Bender in her complaint. While the Court recognizes that oftentimes CCRB complaints, substantiated or not, will be discoverable under the broad principles of relevancy, the *in camera* review demonstrates that nothing contained in the documents produced by the City is "relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b); *see* **Thompson v. City of New York**, 2006 WL 298702, at *3-4 (S.D.N.Y. Feb. 7, 2006) (finding production of CCRB reports unnecessary on

grounds of relevancy).

## III. CONCLUSION

For the foregoing reasons, the City **SHALL NOT** be required to produce the responsive documents.

**SO ORDERED this 6th day of September 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**